

**ORDERED in the Southern District of Florida on March 27, 2014.**

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

MAJORCA ISLES MASTER
ASSOCIATION, INC.,

Case No. 12-19056-AJC
Chapter 11

        Debtor
_____/

### MEMORANDUM ORDER GRANTING D.R. HORTON, INC.'S MOTION TO DEEM LATE FILED PROOF OF CLAIM AS TIMELY FILED [DE #209]

**THIS CAUSE** came before the Court for hearing on March 5, 2014 at 3 p.m. upon D.R. Horton, Inc.'s ("Horton") Motion to Deem Late Filed Proof of Claim as Timely Filed (the "Motion") [D.E.#209]. The Court having reviewed the Motion, the Trustee's Objection to the Motion ("Objection") [D.E.#215], Horton's Reply Memorandum of Law and Affidavit to Trustee's Objection [D.E.#219], having heard the argument of counsel for Horton and counsel for the Trustee, and having requested proposed memorandum orders from each, the Court grants the Motion by finding that just cause exists to deem Horton's Proof of Claim as timely filed.

**Background**

Horton's Motion contains a recitation of facts that it deems relevant to its Motion. The Trustee filed an Objection to Horton's Motion, but did not contest the factual allegations contained in Horton's Motion.

Horton seeks relief from its failure to file its Proof of Claim prior to the Claims Bar Date. Horton relies upon two points of law in seeking such relief. First, it argues that it should be excused from the late filing because of "excusable neglect". Then, contained in the same Motion, it seeks relief from the late filing on the grounds of "due process".

The relevant facts, as set forth in the Motion and not contested, are that Horton, a builder developer, developed the Majorca Isles project, a community of condominiums located in Miami-Dade County. A master association was formed on or about February 24, 2006, as the Master Homeowner Association of the Majorca Isles development. Horton, as the Developer, remained in control of the Majorca Isles Master Association, Inc. ("Master Association") from February 24, 2006 until turnover in January, 2011. Pursuant to the Declaration of Majorca Isles Master Association, Horton was required to either pay for monthly assessments on account of each unit owned by Horton, or that was either unbuilt or unsold or, in the alternative, to make up the deficit (fund the deficit) on account of the unbuilt or unsold units. Movant claims Horton did fund the Master Association deficit on account of the unbuilt or unsold units. However, Horton claims that during a period of economic hardship, from 2008 through 2011, Horton made additional voluntary contributions to the Master Association to keep it solvent on account of the failure of many of the existing unit owners to make their monthly assessments that were owed to Majorca Isles Master Association. It is those funds, advanced by Horton, that Horton claims constitute a claim against the Debtor.

Horton lends support to its claim by attaching to its Motion copies of Financial Statements of Debtor. Those Financial Statements, on their face, indicate monies due from the Debtor to Horton. The Financial Statements were prepared by Castle Management Company after Horton turned over control of the Master Association, at the beginning of January, 2011.

The record indicates Debtor filed a voluntary petition under Chapter 11 of the Code on April 13, 2012. On April 18, 2012, the Court set August 15, 2012 as the Claims Bar Date. Horton was not listed as a creditor on the Debtor's Schedules and was not included in the mailing matrix. It is undisputed that Horton was not served with notice of the Claims Bar Date.

Notwithstanding the failure to receive notice of the Claims Bar Date, Horton became aware of the pending bankruptcy case because in mid-July 2012, counsel for the Trustee filed a Notice of Taking Rule 2004 Examinations Duces Tecum [D.E.#111 and 112] and served the same upon Horton and various of its employees. In September, 2013, special litigation counsel for the Trustee suggested to counsel for Horton that the Trustee had a claim against Horton and its officers and the parties should enter into pre-litigation mediation. The mediation did not take place until early February, 2014, a month after the Trustee commenced this adversary proceeding.

Horton asserts that in preparation for the mediation, it hired a financial consultant to investigate the Trustee's claims. Horton argues that during such investigation, it was determined that the Debtor owed monies to Horton and, therefore, Horton was a pre-petition creditor who was entitled to notice of the Claims Bar Date. Thus, following the commencement of this proceeding, Horton filed its Proof of Claim [Claim No. 5]. Simultaneously with the filing of the late filed Proof of Claim, Horton filed its Motion to Deem Late Filed Proof of Claim as Timely Filed.

**Discussion**

Horton relies upon the principles of "excusable neglect" and "due process" to support its Motion. As is the circumstances herein, the notions of excusable neglect with respect to a late filed Proof of Claim and due process with respect to creditor's filing claims, are often based upon the same set of facts and circumstances.

Here, taking into account the factual allegations not contested by Trustee, the Debtor and the Trustee were negligent for failing to list Horton as a pre-petition creditor, failing to include Horton on the mailing matrix and failing to ever give actual notice of the Claims Bar Date to Horton.

The United States Supreme Court, in the case of *Pioneer Inv. Serv.'s Co. v. Brunswick Assoc's Ltd., P'ship*, 507 U.S. 380 (1993), established the standards for determining whether circumstances constitute excusable neglect allowing for a late filing applying Rule 9006(b)(1), Fed.R.Civ.P. The Court adopted the factors enunciated in *In re Dix*, 95 B.R. 134 (9th Cir. BAP 1988), including:

> "(1) whether granting the delay will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; (4) whether the creditor acted in good faith; and (5) whether clients should be penalized for their counsel's mistake or neglect." ' " *Id.,* at 158a–159a (quoting *In re Dix,* 95 B.R. 134, 138 (9th Cir. BAP 1988) (in turn quoting *In re Magouirk,* 693 F.2d 948, 951 (9th Cir. 1982)*)*). The District Court also suggested that the Bankruptcy Court consider whether the failure to comply with the bar date "resulted from negligence, indifference or culpable conduct on the part of a moving creditor or its counsel." Id. at 385

In sum, the Court adopted a principle of equity in determining if there was excusable neglect.

Here, there is the failure of the Debtor or the Trustee to list Horton as a creditor, the failure to include Horton on the mailing matrix and the failure to give actual notice of the Claims

Bar Date – clearly a denial of due process. On the other side, the Trustee asserts Horton failed to thoroughly investigate its own claim and determine that it had a claim; and, knowing there was a pending bankruptcy case, Horton failed to investigate the Court's records to determine if there was a Claims Bar Date. However, if this were the burden imposed upon all claimants, there would be no need to list creditors or give them notice in an effort to discharge their claims.

The Court has discretion to make a determination if there was excusable neglect. Where the Debtor failed to include a known potential creditor as a claimant on the matrix and failed to give notice to the creditor (who was the target of estate litigation in this case), the creditor's failure to adhere to the Claims Bar Date was a denial of due process, and the creditor has no duty to investigate the bankruptcy case to find out the Claims Bar Date. *In re Pappalardo*, 210 B.R. 634 (Bankr. S.D.Fla. 1997). Applying the factors in *Pioneer*, the Court believes that there will be no prejudice to the Debtor and the length of the delay will not impact on efficient Court administration as there is no reorganization plan before the Court and no claims have yet been paid. Moreover, there is nothing in the record that suggests the delayed filing of the Proof of Claim was other than in good faith. *In re Hillsborough Holdings Corp.,* 172 B.R. 108 (Bankr. M.D.Fla. 1994).

Bankruptcy courts have discussed the failure to give notice to a known creditor as creating both excusable neglect and being a denial of due process. *In re Thomson McKinnon Securities, Inc.,* 159 B.R. 146 (Bankr. S.D.N.Y. 1993), *In re S.N.A. Nut Company,* 198 B.R. 541 (Bankr. N.D.Ill. 1996). Even where a creditor has actual knowledge of a bankruptcy case, it is entitled to actual notice of a Claims Bar Date and not constructive notice by publication:

> When a creditor is unknown to the debtor, publication notice of the claims bar date will satisfy the requirements of due process. *See Mullane*, 339 U.S. at 317-18, 70 S.Ct. 15 658-59. Indeed, creditors which are unknown to the debtor, but aware of the bankruptcy, have a

> duty to inquire whether their claim might be affected by the proceeding. *See In re Gregory*, 705 F.2d 1118, 1123 (9th Cir. 1983). However, if a creditor is known to the debtor, notice by publication is not constitutionally reasonable, and actual notice of the relevant bar dates must be afforded to the creditor. (Citations omitted).
>
> *S.N.A. Nut Company*, 198 B.R. at 543-44.

More than one court has noted that when both the debtor and the creditor are guilty in the handling of a claim and the Debtor is aware of the creditor's claim, then a tie goes to the creditor. *In re Premier Membership Services, LLC,* 276 B.R. 709, 713 (Bankr. S.D.Fla. 2002).

As stated, granting the Motion would not cause prejudice to the Debtor's estate since no Plan of Reorganization has been proposed or adopted and no claims have been paid. Therefore, the Court believes that the equities are with the Movant with respect to the late filed Proof of Claim, and the Court could grant the Motion on this ground alone.

However, the Court also believes to not allow Horton to have its late filed claim be deemed timely filed would constitute a denial of due process to Horton. The Debtor has a duty to determine which creditors should be listed as pre-petition creditors and which creditors should be included on the mailing matrix and given actual notice of a Claims Bar Date; but, the Debtor failed to recognize Horton, even though Horton was a known potential creditor of the estate. Then, after the Trustee was appointed, Horton was still not included on the mailing matrix and still did not receive any notice of the Claims Bar Date, even though the Trustee apparently was aware of Horton due to his identification of claims against it. Constructive notice or the opportunity to learn of the Claims Bar Date is not sufficient under the facts in this case.

Before the Supreme Court's decision in *Pioneer Inv. Serv.'s Co.*, which enunciated the equitable principles to determine excusable neglect, the requirement of due process with respect to notification of the Claims Bar Date was clear. A court had to allow late filing where the

creditor was known to the debtor and where the creditor did not receive actual notice of the Claims Bar Date. *In re Kelton Motors, Inc.*, 135 B.R. 758 (Bankr. D.Vt. 1991). Knowledge of the existence of the bankruptcy case is no excuse for not providing actual notice. The Court stated that the failure to give notice of the Claims Bar Date to a creditor to allow the creditor to timely file a Proof of Claim constitutes a denial of due process. The Court stated "although the rules in each case are not necessarily identical, the cases indicate that the Bankruptcy Court has no discretion but must allow late claims where a creditor has not received notice of the bar date- regardless of its actual knowledge of the bankruptcy proceedings". *Id*. at 762.

Notice by publication or other constructive notice may be satisfactory notice to a creditor of a Claims Bar Date if the creditor is unknown. However, the debtor must give notice to a known creditor. *S.N.A. Nut Company*, 198 B.R. at 543-44. In *Premier Membership Services, LLC*, the court held that a known creditor must receive actual notice of the Claims Bar Date and the failure to allow such creditor to file a late claim as timely constitutes a denial of due process. It is a fundamental principle of due process that known creditors of a debtor are entitled to actual notice of a Claims Bar Date before their claims can be extinguished. 276 B.R. at 713. Accordingly, it is

ORDERED AND ADJUDGED that the Motion by Horton to deem its Late Filed Proof of Claim as Timely Filed is GRANTED, and D.R. Horton, Inc.'s Proof of Claim, Claim No. 5 is deemed timely filed. The Trustee's Objection to the Motion is overruled.

Any and all substantive objections that the Chapter 11 Trustee or any other party in interest may have with respect to the Proof of Claim are preserved.

###

**Submitted by:**

Vincent E. Damian, Jr., Esq.
Florida Bar No. 017643
Email: vdamian@skdrlaw.com
       rsaetae@skdrlaw.com
Ken Taninaka, Esq.
Florida Bar No. 45046
Email: ktaninaka@skdrlaw.com
80 S.W. 8 Street; Suite 2550
Miami, Florida 33130
Telephone: (305) 379-1681
Facsimile: (305) 374-1719
Attorneys for D.R. Horton, Inc., Rafael Roca,
Amalia Papadimitriou, Christian Gausman and Karl Albertson

Vincent E. Damian, Jr., Esq. is directed to serve copies of this Order upon all interested parties and file a certificate of service with the Court.